UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                              CASE NO. 07-12123

JEAN PEARCE                                         SECTION "B"

   DEBTOR                                           CHAPTER 13

## MEMORANDUM OPINION

This matter came before the court on February 20, 2008 on the debtor's objection to claims 1, 5,6 and 7, (P-15), and the opposition thereto filed by the creditor who filed claim 5, Roundup Funding, LLC ("Roundup") (P-17). At the hearing the court sustained the debtor's objection to claims 1 and 7, and continued the objection to claim 6. The objection to claim 5 was sustained, and the court took under advisement the question of whether Roundup should be sanctioned for filing the proof of claim. For the reasons set forth below, the court finds that no sanction is warranted.

**I.     Background Facts**

This matter arises out of a claim against the debtor that was originally incurred by a creditor who then sold the claim to another entity, who in turn sold or transferred the claim to yet another creditor, a bulk claims purchaser. There are apparently several companies throughout the United States that make a business of purchasing at substantial discounts, debts that are in default. These companies then file proofs of claim on the purchased or transferred debt when the debtor files a petition for relief under the United States Bankruptcy Code. Often, the company that purchased the claim files a proof of claim that is deficient in some way, either because the filer has not completed all sections of the proof of claim form or because it has neglected to comply with Federal Rule of Bankruptcy Procedure 3001(c). Additionally, there have frequently

been cases where the information in the debtor's schedules does not match the information on the proof of claim, and difficulty arises in identifying the debt. Courts have struggled to balance the rights of the creditors and the rights of the debtors and/or trustees in these instances, attempting to determine whether it is the debtor who should incur the cost of objecting to a claim based on insufficient documentation when the Rules place the burden on the creditor to provide it, or whether the creditor should bear the cost of providing detailed account statements and a copy of the credit card agreement or the loan contract when the proof of claim is filed.[1] Numerous cases have addressed these issues, and reached many different results.[2]

It appears that despite the objective of bankruptcy affording a simple, quick method of determining claims, there is no brief, simple way of disposing of objections to claims. FRBP 3006 provides that after an objection to a claim is made, a creditor loses the right to withdraw that claim without an order of the court after a notice and hearing. Thus, a case such as this that should be relatively easy to dispose of requires a hearing on the claim objection, which incurs attorneys fees for all involved.

In the instant case, the debtor filed a petition under Chapter 13 of the Bankruptcy Code on November 1, 2007. The debtor listed as disputed an unsecured non-priority debt held by National Credit Adjusters in the amount of zero on Schedule F, which she filed along with her

---

[1] *In re Henry,* 311 B.R. 813, 816 (Bankr.W.D.Wash. 2004).

[2] *See e.g. In re Tran,* 351 B.R. 440 (Bankr.S.D.Tex. 2006) *aff'd by In re Tran,* 369 B.R. 312 (S.D.Tex. 2007); *In re Kirkland,* 379 B.R. 341 (10th Cir. B.A.P. 2007); *In re Heath,* 331 B.R. 424 (9th Cir. B.A.P.); *In re Varona,* 388 B.R. 705 (Bankr.E.D.Va. 2008); *In re Leverett,* 378 B.R. 793 (Bankr.E.D.Tex. 2007); *In re Moreno,* 341 B.R. 813 (Bankr.S.D.Fla. 2006); *In re Armstrong,* 320 B.R. 97 (Bankr.N.D.Tex. 2005); *In re Henry,* 311 B.R. 813 (Bankr.W.D.Wash. 2004);

petition. A notation on the schedule next to this debt reads, "2003 Check into Cash - prescribed."

Roundup filed proof of claim number 5 on December 13, 2007 in the amount of $370 for an unsecured non-priority claim. A one page attachment to the proof of claim entitled "Account Summary" listed the debtor's name and address, the bankruptcy case information, the last four digits of her social security number, the amount of the claim as $370, and the account number, which was listed as xx3797. The account summary also indicated that the claim had been assigned from National Credit Adjusters and that the original creditor had been Check Into Cash, gave a "related account number" of xx8808, and stated that the debt was charged off on February 4, 2004.[3]

The debtor filed an omnibus objection to several claims, including Roundup's, that the debtor felt were all prescribed under Louisiana state law. The debtor also requested sanctions in the form of attorney's fees from the creditors to compensate the debtor for the expenses incurred in objecting to the prescribed claims. Roundup was the only creditor to file a response to the objection. In its response Roundup made no argument that the claim was not prescribed, but did argue that an award of sanctions or attorney's fees was an inappropriate remedy in this case and that disallowing the claim should be the extent of the court's action in response to the objection.

**II.    Legal Analysis**

Section 501 of the Bankruptcy Code provides that a creditor may file a proof of claim.[4] Section 502(a) provides that a proof of claim that has been filed is deemed allowed unless a

---

[3] There was no information indicating by whom the debt was charged off.

[4] 11 U.S.C. § 501(a).

3

party in interest objects.[5] Section 502(b) further provides that if an objection to a claim is made, then the court, after notice and a hearing, shall determine the amount of the claim as of the date of the filing of the petition and shall allow the claim in that amount except to the extent that the claim falls under one of an enumerated category of reasons why the claim should not be allowed, including that, "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."[6] In *Travelers Cas. & Sur. Co. of America v. PG&E,* 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) the U.S. Supreme Court analyzed § 502(b)(1) as follows:

> This provision is most naturally understood to provide that, with limited exception, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy. This reading of § 502(b)(1) is consistent not only with the plain statutory text, but also with the settled principle that "creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." That principle requires bankruptcy courts to consult state law in determining the validity of most claims.[7]

In the instant case, the underlying Louisiana law governing Roundup's claim holds that the claim is prescribed 3 years after the last date of payment.[8] Indeed, the parties do not argue otherwise.[9]

---

[5] 11.U.S.C. § 502(a).

[6] 11 U.S.C. § 502(b)(1).

[7] *Travelers Cas. & Sur. Co. of America v. PG&E,* 127 S.Ct. 1199, 1204-05, (2007) (internal citations omitted).

[8] Louisiana Civil Code Articles 3494 and 3495.

[9] The proof of claim states that the charge off date of the debt was February 4, 2004. The bankruptcy petition was filed on November 1, 2007, and no claim was made that the debtor had made a payment or done anything else to interrupt prescription after the charge off date, so at least three years had elapsed since the last date of payment by the debtor.

Thus, the sole issue before this court is whether Roundup should be charged with paying the debtor's attorney's fees for defending against the filing of a proof of claim on a prescribed debt.

The court first notes that, procedurally, the debtor's motion for sanctions under FRBP 9011 must fail because the debtor did not serve Roundup with an advance copy of the motion for sanctions prior to filing it with the court as required by FRBP 9011(c)(1)(A).[10] Compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 9011 because the party against whom the motion for sanctions is directed must be given an opportunity to withdraw or correct the offending paper, claim, defense, contention, allegation or denial.[11] This "safe harbor" provision of Rule 9011 incorporates changes made to Federal Rule of Civil Procedure 11 in 1993 to allow a party to correct alleged violations. Rule 9011 also requires that a motion for sanctions be made separately from other motions or requests. Here, the debtor combined the request for sanctions with her objections to the various claims, and thus,

---

[10] FRBP 9011(c)(1)(A) states:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

[11] FRBP 9011(c)(1)A); *In re Pratt,* 524 F.3d 580 (5th Cir. 2008).

she did not meet that procedural requirement of Rule 9011(c)(1)(A) either.

It is true that Rule 9011(c)(1)(B), allows the court, on its own initiative, to issue an order to show cause why specified behavior has not violated Rule 9011, but that was not the procedural posture of this case at the hearing on the objection to the claim either, so the court declines on procedural grounds to issue sanctions under Rule 9011.  The court will nonetheless address the concerns of the debtor and Roundup for the sake of completeness.

The debtor, relying on the opinion in *In re Dansereau,* 274 B.R. 686 (Bankr.W.D.Tex. 2002), *aff'd per curiam*, 64 Fed.Appx. 417 (5th Cir. 2003) argues that Roundup was required by Rule 9011 to make, "an inquiry reasonable under the circumstances" into the status of its claim before filing a proof of claim in the debtor's case.  In *Dansereau* the court sanctioned a creditor for filing proofs of claim in which it claimed, without any basis, to be entitled to priority status in multiple bankruptcy cases in that court.  Procedurally, the creditor in *Dansereau* was before the court on the court's order to show cause, which differs from the posture of the instant case. Additionally, as the United States Fifth Circuit Court of Appeals noted in its affirmation of the bankruptcy court's decision, the record in that case supported the finding that the creditor filed priority status claims in seven different cases without any factual or legal basis, and the creditor's attorney offered no defense for this.  Here, the record shows only that Roundup filed a proof of claim on a prescribed debt in the one case before this court.  Although the debtor raised the issue that Roundup had filed prescribed proofs of claim in other cases, no evidence supporting that contention was entered into the record at the hearing on this matter.  This is not to say that Roundup or another creditor who is found to abuse the claims process could not be sanctioned in the future if a proper record indicating such abuse were made in another case.

*Dansereau* is good law in the Fifth Circuit and clearly holds that a creditor or his attorney can be sanctioned under Rule 9011 for filing proofs of claim without adequate factual support.

The debtor also relies on the opinion in *In re Wingerter*, 376 B.R. 221 (Bankr. N.D. Ohio 2007) arguing that Roundup knew or should have known the claim was prescribed and that, standing alone, is enough to warrant the imposition of sanctions. Roundup argues that *Wingerter* does not apply here because it is on appeal and the fact pattern in that case is not the same as in the instant case. The court agrees. *Wingerter* is not on point factually with the circumstances in this case, and as of the date of this opinion, the case is still on appeal, which means that no final decision has been reached in that case. The *Wingerter* court held that where a debtor has not scheduled any claim resembling the purportedly assigned obligation that a claims purchaser wants to file in the debtor's case, the claim purchaser needs to fulfill its obligations under FRBP 3001 and 9011 at the time it files the proof of claim by reviewing the underlying transactional documents to ensure the validity of the representations made in the proof of claim. Here, the claim was scheduled as disputed, and it was apparent from the attachment to the proof of claim that the claim was for the same debt scheduled by the debtor as disputed. Additionally, the information contained in the account summary was sufficient to put the debtor on notice that the debt was prescribed and could be challenged.[12]

The debtor further argues that Roundup's proof of claim violated Federal Rule of Bankruptcy Procedure 3001(c) in that Roundup failed to file the appropriate supporting

---

[12] Indeed, the debtor's attorney knew when the schedules were filed that the debt was prescribed because the debt was listed as disputed, and the notation next to the debt on the schedule stated that it was prescribed.

documents with its proof of claim.[13] Roundup counters that the Bankruptcy Code entitles it to file a proof of claim on the official form, and that the claim is presumptively valid until an objection to the claim is filed. Once the objection is filed, the sole remedy is disallowance of the claim. Roundup also argues that it did not violate FRBP 3001(c), but that if it did, the remedy for that is only disallowance of the claim. The court agrees that under the narrow facts presented in this case that disallowance of the claim is a sufficient remedy. As noted above, in the future different circumstances may call for different action, but the court will not issue an advisory opinion on facts that are not currently before it.

The debtor argues that Roundup is guilty of bad faith conduct with respect to filing proofs of claim with this court, citing several other cases in which Roundup has filed a proof of claim on a prescribed debt, and that this bad faith conduct should be deterred. As noted above, no evidence of bad faith was put on the record at the hearing, and the court does not find that merely filing a proof of claim on a prescribed debt, with nothing more, is evidence of bad faith. Under Louisiana law, which is the underlying law governing most proofs of claim filed in this court, prescription is an affirmative defense, and nothing prevents a creditor from asserting a suit against a debtor on a prescribed debt. Under state law it is the debtor's responsibility to raise prescription of the debt as a defense. The debtor argues that the underlying Louisiana law governing the claim provides for damages for suits on prescribed debts. Another bankruptcy

---

[13] FRBP 3001(c) states:

> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the court.

court sitting in Louisiana recently addressed this question in *In re Rogers,* 391 B.R. 317 (Bankr.M.D.La. 2008). The *Rogers* court noted that while Louisiana courts have penalized creditors for bringing suits on prescribed claims they did so under Louisiana Code of Civil Procedure Article 863, which is the state equivalent of Rule 9011. Article 863, however, is a state procedural measure, and thus provides no basis for concluding that Louisiana state substantive law confers a private right of action for attorneys' fees for bringing suit on a prescribed cause of action.[14] Finally, the cases cited by the debtor for support that Louisiana law allows for damages on suits on prescribed debts either did not allow sanctions or contain factual situations wherein the sanctioned party engaged in behavior beyond simply filing a suit on a prescribed debt that led the courts in those cases to punish the behavior there involved.[15]

The debtor also argues that the court is empowered to sanction Roundup under § 105 of the Bankruptcy Code.[16] While the court does have the power to issue sanctions under § 105 as

---

[14] *Rogers*, 317 B.R. at 324. Additionally, Article 863 differs significantly from the federal procedural rule in that Article 863, although originally adopted from Rule 11 of the Federal Rules of Civil Procedure, does not contain the safe harbor provision added to Rule 11.

[15] *Raspanti v. Raspanti,* 977 So.2d 95 (La.App. 5 Cir. 2007), *writ denied,* 977 So.2d 906 (La. 2008) (appellate court reversed trial court's award of sanctions under Article 863 for filing suit on prescribed cause of action finding that cause of action was not prescribed); *Bracken v. Payne & Keller Co., Inc.,* 970 So.2d 582 (La.App. 1 Cir. 2007) (appellate court upheld administrative law judge's determination that suit was prescribed on its face and was brought for no apparent reason other than harassment in violation of Article 863); *Dubois v. Brown,* 818 So.2d 864 (La.App. 1 Cir. 2002) (appellate court upheld trial court's award of sanctions where trial court found that plaintiff's attorney had filed suit on prescribed accident, changing the date of the accident in the suit to make it appear the action was not prescribed, had denied request for admission as to the correct date of the accident and had altered accident report to change the date to make it appear prescription had not run on the suit).

[16] Section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provisions of this title

well as having the inherent authority of a federal court to impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct, the court here declines to do so.[17] No evidence was presented at the hearing on the objection to the claim and the motion for sanctions that convinces the court that Roundup is at this point engaged in bad faith conduct warranting sanctions. This does not mean that the court will not ever impose sanctions for filing a proof of claim, but only that in this case, bad faith conduct was not proved by the debtor. If Roundup or any other creditor were to engage in a pattern of bad faith conduct with respect to filing proofs of claim, the court, after a hearing at which such conduct is proved satisfactorily to the court, will not hesitate to award sanctions.

### III. Conclusion

Under the facts presented to the court in this case, the court declines to sanction Roundup for filing proof of claim number 5. The claim has already been disallowed, and the debtor's motion for sanctions is denied.

New Orleans, Louisiana, October 1, 2008.

Jerry A. Brown
U.S. Bankruptcy Judge

---

providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

[17] *Matter of Terrebonne Fuel & Lube, Inc.,* 108 F.3d 609, 613 (5th Cir. 1997); *Eliot v. Tilton,* 64 F.3d 213, 217 (5th Cir. 1995).